Carmen E. Clark, Attorney
ABA No. 8811178
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: carmen@impc-law.com

Attorneys for Connie Marie Soares

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. 3:06-cv-061-RRB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF INTEREST/** |
| | ) | **PETITION FOR REMISSION** |
| ONE SILVER 2001 CADILLAC | ) | **OF FORFEITURE** |
| DEVILLE, VIN | ) | |
| 1G6KD54Y31U182882, | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF ALASKA        )
                       )ss.
THIRD JUDICIAL DISTRICT )

CONNIE MARIE SOARES, being first duly sworn,

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Cadillac
No. 3:06-cv-061-RRB
Notice

deposes and states as follows:

    1. My name is Connie Maries Soares. I am also known as Connie Marie Soares Washington.

    2. The defendant motor vehicle, a silver Cadillac, VIN 1G6KD54Y31U182882, was seized from my possession and property.

    3. At the time it was seized the motor vehicle was registered to Byron Williams. However, title was being transferred to me, and I am the owner of the motor vehicle. I believe I am a bona fide purchaser for value without cause to believe the property was subject to forfeiture.

    4. Byron Williams was arrested on August 13, 2005. The defendant motor vehicle was one of several motor vehicles on his property. Although the federal government seized items from his property on the day he was arrested, they did not seize the defendant motor vehicle. Several weeks went by after he was arrested, and the government took no action with regard to the motor vehicle.

    5. I was asked to help Williams obtain legal assistance on the criminal charges. I contacted John Abbott. At that time Williams intended to use the defendant motor vehicle and another car to trade as payment for counsel. I met with Williams on October 17, 2005, and

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Cadillac
No. 3:06-cv-061-RRB
Notice

Page 2 of 5

he executed a power of attorney authorizing me to sell or transfer the defendant motor vehicle and the other car. Exhibit 1.

  6. Abbott would not accept the defendant motor vehicle and the other car in trade for his services.  He preferred to be paid in currency or other legal tender.  He quoted a price of $10,000.00, with an additional $5,000.00 if the matter went to trial.

  7. Williams did not have the money to pay the retainer or other legal fees.  He remained incarcerated.

  8. It was decided that I would buy the defendant motor vehicle and another motor vehicle, a burgundy Cadillac, VIN 1G6KE57Y21U136601.  The purchase amount would pay John Abbott's fees.  This agreement was reached after I was unable to sell the cars to a lot or other dealer since Williams could not find the title.  It turned out that the original Washington title could not be found.  I had to contact the Washington department of motor vehicles to get a replacement title.  Once received I would take it to Williams, have it signed, and have the Alaska department of motor vehicles do a new title.

  9. I contacted the Washington State Department of Motor Vehicles in October, 2005 to get information on

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

how to obtain the replacement title, after Williams and I agreed to the sale of the motor vehicles. I sent them a cashier's check, along with the power of attorney in Exhibit 1, and other documents. I expected to receive a new title in my name. I filled out the documents using my power of attorney.

10. In December, 2005, the Washington DMV sent me a temporary transfer tag. Exhibit 2. They also sent me a letter stating that the documents I originally sent them were insufficient, but I could finalize the formal transfer by sending supplementary documentation. Exhibit 3.

11. I paid John Abbott a total of $8,000.00. I expected to pay the total of $10,000.00 or $15,000.00 as originally quoted. However, he became ill and withdrew from the case. I have paid a total of $10,000.00 for both vehicles.

12. I did not know at the time I agreed to purchase the motor vehicles from Williams that they might be subject to forfeiture. I do not have any criminal history, and the fact the government left them at his house for weeks after his arrest indicated to me that they were not interested in them. I believe the sale was a fair transaction: the cost of his legal representation would be

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Cadillac
No. 3:06-cv-061-RRB
Notice

the cost of the motor vehicles.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
CONNIE MARIE SOARES

SUBSCRIBED AND SWORN to before me this 4th day of May, 2006.

_____
Notary Public for Alaska
My Commission Expires: 9/5/09

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/5/06,
a copy of the foregoing Notice
of interest was served electronically on:

Daniel R. Cooper, Jr., AUSA
D. Scott Dattan, Esquire

s/ Carmen E. Clark
F:\W\2113-1\Pleading\Notice of Interest Petition for Remission of Forfeiture.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Cadillac
No. 3:06-cv-061-RRB
Notice